UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE

LAVONDA SUE ASCH                                                                         CASE NO. 15-20163

DEBTOR

## MEMORANDUM OPINION AND ORDER

The chapter 13 Trustee having filed a Motion to Dismiss [Doc. 20] contending that the Debtor is not eligible to be a debtor under chapter 13, and the Debtor having filed a Response thereto [Doc. 47], to which the Trustee replied [Doc. 54], and a hearing having been held on August 11, 2015, and the Court having taken the matter under submission, the Court finds that the Debtor is not eligible to be a debtor under chapter 13.

Section 109(e) of the Bankruptcy Code provides:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

The chapter 13 Trustee contends that the Debtor's secured debts exceed the $1,149,525 threshold and the Debtor is thus ineligible to be a chapter 13 debtor. In support, the Trustee relies on the filed secured proofs of claim which total $1,537,192.86.

In contrast, the Debtor contends that her secured debts do not exceed the $1,149,525 threshold. She argues that she only listed $1,135,637.72 of secured debt in her bankruptcy schedules, and that this listing controls the eligibility issue. The majority of the scheduled

secured debts are listed as contingent and unliquidated. All the secured debt is mortgage debt, with the exception of an $8,000.00 debt secured by an automobile. The Debtor lists a first mortgage debt owed to Nationstar as secured, disputed, unliquidated, and contingent in the amount of $673,972.93, secured by real estate valued at $1,000,000.00. Nationstar's secured proof of claim (total $960,570.30), lists principal debt of $673,972.93, pre-petition interest of $146,432.15, and foreclosure fees of $148,326.99. It is clear the Debtor only scheduled the principal amount of the debt.

Debtor further contends that two other creditors who were not listed as secured creditors in her schedules but filed secured proofs of claim, the Internal Revenue Service and REKO, LLC, also hold contingent, unliquidated, and disputed claims. The Internal Revenue Service, which she scheduled as an unsecured creditor, filed a $186,732.99 secured claim. The claim lists recorded tax liens to secure income taxes for the tax periods 2004, 2005, 2006, 2007, and 2010. The Debtor asserts that an IRS representative told that her tax debt was "uncollectible." REKO, LLC, filed a claim secured by a mortgage in the amount of $16,542.15. REKO, LLC was not listed in the Debtor's schedules. Against these undisputed facts, the Debtor asserts that some of the filed claims were not expected, her schedules are reasonable and she should be permitted to remain in this chapter 13 proceeding.

Discussion

The parties disagree as to the appropriate analysis in which the Court should engage to determine the Debtor's eligibility for chapter 13. The Debtor argues that her schedules should control the eligibility issue whereas the Trustee contends that the Court may consider the proofs of claim as well.

As this Court has previously stated:

> [A] court should rely primarily upon the debtor's schedules checking only to see if the schedules were made in good faith on the theory that section 109(e) considers debts as they exist at the time of the filing, not after a hearing. . . It would be possible of course to spell out detailed procedures by which the question of Chapter 13 eligibility may be resolved including what kinds of proof would be minimally sufficient and what burdens of proof must be met by one side or the other.   We believe, however, that it would be inappropriate to do so.   It is plain that section 109(e) indicates a congressional intent to limit those eligible for the benefits of Chapter 13 and uses language that is somewhat in the form of a jurisdictional requirement. . . . The Court may look to any part of the schedules when determining eligibility.   [T]he court is not necessarily bound by the information contained in a debtor's schedules where it appears to a legal certainty that the amount owed is other than what the debtor says is owed . . . a debtor may not intentionally manipulate either the schedules or the treatment of claims to qualify for Chapter 13. . . .

*In re Alzadon*, No. 12-70008, slip op. at 3 (Bankr. E.D. Ky. July 18, 2012) (citations omitted) (internal quotation marks omitted).   Thus, when put on notice of a potential manipulation of a debtor's schedules, the Court may, without undertaking a complex analysis via detailed procedures, review other parts of the record to evaluate whether the amount and nature of the scheduled debts are reasonable or whether facts existed at the petition date, to such a legal certainty, as to lead to a conclusion that the schedules were manipulated to achieve eligibility.   *Id*.

Here, there are several indicators that the Debtor has manipulated her schedules to qualify for Chapter 13.   One indicator is that the Debtor omitted all prepetition interest from the scheduled Nationstar debt.   While Debtor may not have been fully appraised of Nationstar's claimed foreclosure charges, the Court cannot ignore the exclusion of pre-petition interest from her schedules; particularly where, as here, they tip the Debtor into ineligibility for chapter 13. Moreover, it appears to a legal certainty that the Internal Revenue Service holds a secured claim. The Debtor's subjective belief that her Internal Revenue Service debt was, in her words, "uncollectible" does not excuse her from listing as secured the debt owed for five years of taxes on

3

which she was legally obligated as of the petition date. A third indicator is the Debtor's characterization of the mortgage debts as contingent and unliquidated. A debtor's designation of a debt as unliquidated or contingent does not make it so, and the Court may likewise scrutinize the characterization of a debt when the characterization is the subject of a controversy. *In re Stern*, 266 B.R. 322, 326 (Bankr. D. Md. 2001). The mortgage debt amounts are readily ascertainable from the loan documents (at least to the extent of principal and interest), and thus liquidated. *See Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751, 754 (6th Cir. 1985). A mortgage debt is not contingent where, as here, the Debtor is a primary obligor and there are no further events required to give rise to liability. *See In re Oldfield*, No. 10-20560, slip op. at 2 (Bankr. E.D. Ky. May 10, 2010). This Debtor's secured debts exceed the statutory limit for eligibility to be a debtor under chapter 13.

    IT IS HEREBY ORDERED that Debtor has 14 days from the date of this Order to convert to a chapter of the Bankruptcy Code for which she is eligible, or this case shall be dismissed.

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Tuesday, August 18, 2015
(tnw)